**STATE of Maine**

v.

**Daniel DUMONT.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1988.

Decided Dec. 9, 1988.

Paul Aranson (orally), Dist. Atty., Megan L. Elam, Asst. Dist. Atty., Portland, for plaintiff.

Leonard I. Sharon (orally), Robert A. Laskoff, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Pursuant to M.R.Crim.P. 37 and 37A, Daniel Dumont challenges an indictment charging him with assault, 17–A M.R.S.A. § 207 (1983 & Supp.1988) and public indecency, 17–A M.R.S.A. § 854 (1983). Dumont contends that he had previously been in jeopardy on these same charges, that there was unnecessary delay in prosecuting the charges within the meaning of M.R. Crim.P. 48(b), and that the State's previous dismissal of the charges amounts to prosecutorial abuse of the authority granted by M.R.Crim.P. 48(a). We affirm the denial of Dumont's motion to dismiss.

Dumont was present with counsel in the District Court, Portland, on October 20, 1987, when his case was scheduled for trial. Plea negotiations failed when Dumont learned that the victim was not present for trial. The District Court (*Pease, J.*) denied a prosecution request for a continuance. Thereafter, the State filed a written dismissal of the two-count complaint, stating that the victim was not present and that the motion to continue had been denied. During a recess, the prosecutor informed defense counsel of the dismissal. Nothing further occurred in the District Court.

On December 11, 1987, the Grand Jury returned an indictment containing the same two charges previously dismissed. Dumont moved to dismiss on four grounds, three of which are urged on appeal. Following an evidentiary hearing on Dumont's motion, in March, 1988, the Superior Court, Cumberland County (*Brodrick, J.*), denied the motion to dismiss. The Superior Court found that no jeopardy had attached in the District Court, that there was not such delay in prosecution as to require dismissal and that there was no evidence of prosecutorial overreaching or harassment of the defendant.

An assistant district attorney testified in Superior Court that the State dismissed the District Court complaint before any evidence was presented. Because the bench trial had not begun, Dumont had not been placed in jeopardy. *See State v. Linscott*, 416 A.2d 255, 258 (Me.1980). The fact that he was not free to leave the

courthouse until his case was dismissed is not of constitutional significance. Moreover, the record supports the Superior Court's evaluation of prosecutorial conduct. The hearing justice pointed out that the District Court might have acted on the complaint when the continuance was denied. In the absence of any such action, however, the State was entitled to dismiss without prejudice under M.R.Crim.P. 48(a). There is no evidence that the prosecutor misrepresented the significance of the 48(a) dismissal and there is no evidence that the 52 day interval between the dismissal and the indictment resulted in any prejudice to the defendant.

The entry is:

Denial of defendant's motion to dismiss affirmed.

All concurring.